IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02072-BNB

ARNOLD A. CARY,

    Plaintiff,

v.

JOHN HICKENLOOPER, Governor, State of Colorado,
TOM CLEMENTS, Executive Director, CDOC,
REA TIMME, Warden, CTCF,
DAVID TESSLER, Health Services Administrator, CTCF,
SUSAN M. TIONA, M.D., Health Services Physician, CTCF,
JOHN V. BUGLEWICZ, M.D., Health Services Physician, CTCF, and
    Fremont County Commissioner,
LINSEY FISH DEPENA, M.D., Former Health Services Physician,
MIKE STIEHL, Fremont County Commissioner,
ALANO MAYES, City Attorney, Cañon City,
RODNEY ACHEN, Captain, Food Services, CTCF,
RONOLD WILLIAMS, Lieutenant, CTCF,
CHRISTINA TURNER, Sergeant, CTCF,
ROBERT BURNS, Correctional Officer, CTCF,
DANIEL BRATINA, Correctional Officer, CTCF,
JOHN DOE #1, President, J-Cor Mechanical,
JOHN DOE #2, President, Mountain Masonry,
JOHN DOE #3, Warden, BVCF,
RENA WOOD, Sergeant, BVCF, and
GENEA WOODS, Sergeant, BVCF,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AND FINAL AMENDED COMPLAINT

---

    Plaintiff, Arnold A. Cary, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado Territorial Correctional Facility (CTCF) in Cañon City, Colorado. Mr. Cary filed *pro se* a forty-one-page prisoner

complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) for declaratory and injunctive relief, including the immediate evacuation and closure of CTCF, and money damages. He was granted leave to proceed pursuant to 28 U.S.C. § 1915 without an initial partial filing fee (ECF No. 13) and later paid the $350.00 filing fee (ECF No. 15) in this action.

On August 24, 2012, the Court entered an order (ECF No. 14) directing Mr. Cary to file an amended complaint because the complaint was unnecessarily verbose, repetitive, failed to demonstrate clearly and succinctly the personal participation of each named defendant in the alleged constitutional violations, and failed to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On September 27, 2012, Mr. Cary filed a forty-seven-page amended Prisoner Complaint (ECF No. 16) pursuant to § 1983 and other statutory authority seeking declaratory and injunctive relief, including the immediate evacuation and closure of CTCF, and money damages.

The Court must construe the amended complaint liberally because Mr. Cary is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). For the reasons stated below, Mr. Cary will be ordered to file a second and final amended complaint.

The amended complaint filed on September 27 (ECF No. 16) does not cure the deficiencies discussed in the August 24 order (ECF No. 14). The amended complaint

purports to assert three Eighth Amendment claims of cruel and unusual punishment, but the claims contain repetitive and verbose allegations and generally fail to assert in the body of each claim the supporting facts or or identify the defendants who personally participated in the alleged violations.  In addition, Mr. Cary improperly includes a separate section at the end of the complaint for his "legal claims," *see* ECF No. 16 at 43-44, instead of incorporating those legal claims into his three asserted claims.

As his first claim, Mr. Cary contends he has been exposed to a wide variety of air- and water-born toxins that have affected his health and rendered him permanently disabled.  He contends that Defendant, Alano Mayes, city attorney of Cañon City, is aware of the health risks but has not warned the CTCF inmates.

As his second claim, he contends he has intentionally been denied appropriate medical care for health problems that have developed as a result of his exposure to air- and water-born toxins, and well as other medical problems that have risen independently during his incarceration over the past six years.  He complains he suffers from radiation and toxic chemical exposure, reduced red blood cell production, neuropathy, capillary hemorrhage, pulmonary fibrosis, edema and other gastrointestinal symptoms, kidney and thyroid dysfunction, lumbar spinal stenosis, a cyst on his kidney and the back of his neck, a chronic fungal skin infection, and atrophy of his forearm muscles, among other maladies.  He further complains that he is dependent on bottled oxygen, and repeatedly has been denied bottled oxygen in a timely manner by prisoner staff members, the Defendants, Lieutenant Ronald Williams, Sergeant Christina Turner, and Correctional Officer Robert Burns.  He contends that Lieutenant Williams ordered him to be housed on the second floor, causing him to climb four flights of steps with a heavy oxygen bottle.

He also complains that Correctional Officer Burns ordered him to the cell house when he was out of oxygen and attempting to obtain a replacement bottle.

As his third claim, Mr. Cary contends the conditions of his confinement are unsafe and put his health at risk, including but not limited to living in a 150-year-old prison with cramped cells, double-bunking, asbestos released during renovation and repair, substandard food services, and the presence of cockroaches and mice.

Mr. Cary fails to identify in each claim the defendants involved in the alleged wrongdoing. Mr. Cary must make clear what claims are asserted against which defendants.

In addition, Mr. Cary's attempts to demonstrate personal participation are, for the most part, vague and conclusory. He generally fails to allege specifics, except for his naming three defendants in claim two who allegedly deprived him of necessary oxygen bottles. As Mr. Cary was informed in the August 24 order for an amended complaint, vague and conclusory allegations will not suffice. He must assert facts, not tenuous allegations, to establish the requisite personal participation on the part of each defendant. *See* ECF No. 14 at 4-5.

The amended complaint is vague, conclusory, unnecessarily verbose, repetitive, and violates the Fed. R. Civ. P. 8 requirement that a complaint contain a short and plain statement of the claims showing that the pleader is entitled to relief, as discussed in the August 24 order. The second and final amended complaint Mr. Cary will be directed to file must not exceed fifteen double-spaced pages in a 12-point type. No documents other than the amended complaint will be considered. The Court will not consider any claims raised in separate amendments, supplements, motions, or other documents that

are not included in the amended complaint.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). Mr. Cary will be allowed one final opportunity to file an amended complaint that complies with the directives of the August 24 order and the instant order. Failure to do so in the time allowed will result in the dismissal of the instant action.

Accordingly, it is

ORDERED that Plaintiff, Arnold A. Cary, file **within thirty days from the date of this order** a second and final amended complaint that complies with the directives of the order of August 24, 2012 (ECF No. 14), and this order. It is

FURTHER ORDERED that Mr. Cary shall obtain the Court-approved Prisoner Complaint form (with the assistance of his or their case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the second and final amended complaint. It is

FURTHER ORDERED that, if Mr. Cary fails to file an amended complaint that complies with this order and the August 24 order within the time allowed, the Court will dismiss the action without further notice.

DATED December 4, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge