IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02072-RM-KLM

ARNOLD A. CARY,

    Plaintiff,

v.

DAVIS TESSIER, CTCF Health Services Administrator,
SUSAN M. TIONA, M.D., CTCF, Health Services Physician and Fremont County Commissioner,
JOHN V. BUGLEWICZ, M.D., CTCF, Health Services Physician and Fremont County Commissioner,
LINSEY FISH DEPENA, M.D., CTCF, former Health Services Physician,
RODNEY ACHEN, CTCF, Food Services Captain,
RONALD WILLIAMS, CTCF, Lieutenant,
CHRISTINA TURNER, CTCF Sergeant, and
ROBERT BURNS, CTCF, Correctional Officer,

    Defendant.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Review Newly Discovered Evidence** [Docket No. 47; Filed August 28, 2013] (the "Motion").

    IT IS HEREBY **ORDERED** that the Motion [#47] is **GRANTED in part and DENIED in part**.

    The Motion is **granted** to the extent it asks the Court to consider additional evidence in connection with Plaintiff's opposition to Defendants' Partial Motion to Dismiss [#38] **pursuant to Fed. R. Civ. P. 12(b)(1)** regarding the Court's subject matter jurisdiction. *See Holt v. United States*, 46 F.2d 1000, 1002 (10th Cir. 1995) (stating that, in reviewing the merits of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) that involves a factual attack on the complaint, the Court may review affidavits and other documents and make factual findings without converting it to a summary judgment motion brought pursuant Fed.

R. Civ. P. 56).[1]

The Motion is **denied** to the extent it asks the Court to consider this evidence and any averments made by Plaintiff in the Motion in connection with Plaintiff's opposition to Defendants' Partial Motion to Dismiss [#38] **pursuant to Fed. R. Civ. P. 12(b)(6)**. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (stating that Fed. R. Civ. P. 12(b)(6) tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true"). If Plaintiff, who proceeds in this matter *pro se*, is seeking leave to file an Amended Complaint with additional allegations, he must file a motion which complies with the federal and local rules, namely, Fed. R. Civ. P. 15, and which includes the proposed Amended Complaint as a document separate from the Motion. The Court will not permit piecemeal adjudication of Plaintiff's case; thus Plaintiff must include all claims he seeks to bring, defendants he intends to name, and all allegations he wishes the Court to consider as part of his opposition to the Partial Motion to Dismiss [#38] in the proposed Amended Complaint. Furthermore, Plaintiff must use the form complaint prescribed by this Court. D.C.COLO.LCivR 8.2A.

IT IS FURTHER **ORDERED** that the Clerk of the Court is directed to mail a copy of the *pro se* prisoner forms to Plaintiff at the address listed on the docket.

Dated: September 16, 2013

---

[1] The Court here makes no finding regarding the relevance or materiality of the documents submitted by Plaintiff.