IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02072-RM-KLM

ARNOLD A. CARY,

    Plaintiff,

v.

DAVIS TESSIER, CTCF Health Services Administrator,
SUSAN M. TIONA, M.D., CTCF, Health Services Physician and Fremont County Commissioner,
JOHN V. BUGLEWICZ, M.D., CTCF, Health Services Physician and Fremont County Commissioner,
LINSEY FISH DEPENA, M.D., CTCF, former Health Services Physician,
RODNEY ACHEN, CTCF, Food Services Captain,
RONALD WILLIAMS, CTCF, Lieutenant,
CHRISTINA TURNER, CTCF Sergeant, and
ROBERT BURNS, CTCF, Correctional Officer,

    Defendant.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court *sua sponte*. It has come to the Court's attention that Defendant Dr. Linsey Fish DePena has not been served with the Summons and Amended Complaint in this action and, therefore, is not currently a proper party. Plaintiff filed this civil action on August 6, 2012 [#1]. The Amended Complaint was filed on January 23, 2013 [#25]. On March 22, 2013, the United States Marshal was directed to serve a copy of the Summons and Amended Complaint on all Defendants in the above-captioned matter. [#24]. On March 28, 2013, the Summons was returned unexecuted for Defendant Linsey Fish DePena with a notation that she was no longer a CDOC employee. [#27]. No forwarding

address was provided.

On September 16, 2013, the Court entered an Order to Show Cause [#50] requiring Plaintiff to file proof of service on Defendant Linsey Fish DePena or provide the Court with an address at which she could be served. On October 22, 2013, Plaintiff responded to the Order to Show Cause, providing evidence that a fellow inmate came into contact with Defendant Lindsey Fish DePena some time between August 14, 2013 and October 1, 2013, at the Denver Reception and Diagnostic Center, which is part of CDOC. *See Response* [#54] at 2; *Decl. of Richard Steward* [#55]. Based on this evidence, the Court ordered the United States Marshal to make one final attempt to serve Defendant Lindsey Fish DePena at CDOC. Plaintiff was warned that if the United States Marshal was again unable to serve her as an employee of CDOC based on the information provided by Plaintiff, the Court would issue a recommendation that she be dismissed from this lawsuit. *Order* [#56] at 2. On November 18, 2013, the United States Marshal returned the Process Receipt and Return, stating that he was unable to find and serve Defendant Lindsey Fish DePena. [#62].

As the Court explained in its previous Order, while Fed. R. Civ. P. 4(c) requires that the Court effect service of the Summons and Complaint for incarcerated pro se plaintiffs, Plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008). Plaintiff has not provided an address sufficient to effect service on Defendant Lindsey Fish DePena. Despite having ample time to provide additional information about Defendant Lindsey Fish DePena's whereabouts after the Summons was returned unexecuted, Plaintiff has not provided any information that the Court can use to effect service on this Defendant.

Plaintiff's lawsuit was filed on August 6, 2012.  Pursuant to Fed. R. Civ. P. 4(m), the deadline for service on Defendant Lindsey Fish DePena has now expired.  Although the United States Marshal was not directed to effect service until March 22, 2013, Plaintiff has not provided sufficient information to enable the Marshal to serve Defendant Lindsey Fish DePena, despite two unsuccessful attempts to do so.  At this stage, it is clear that Plaintiff cannot provide the necessary information to effect service on Defendant Lindsey Fish DePena.

Although the Court may extend the time for a plaintiff to serve a defendant even without a showing of good cause, *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir.1995), the Court is not inclined to do so here.  The case against Defendant Lindsey Fish DePena has been pending since August 2012.  Plaintiff failed to effect service of her within one-hundred twenty days of her inclusion in this case, failed to provide sufficient contact information for the Court to do so, and failed to provide good cause for the Court to find that an opportunity exists to cure the service deficiency in the future.  Further, Plaintiff was warned in advance that the penalty for the inability to serve or for failing to provide good cause for the service delay would be dismissal of the unserved Defendant.  *See generally Raeth v. Bank One*, 05-cv-02644-WDM-BNB, 2008 WL 410596, at *3 & n. 4 (D. Colo. Feb. 13, 2008).  Regardless of Plaintiff's desire to keep Defendant Lindsey Fish DePena in the case and have her answer to the claims asserted against her, neither can be accomplished without service.  Accordingly,

IT IS HEREBY **RECOMMENDED** that Defendant Lindsey Fish DePena be **DISMISSED without prejudice**, pursuant to Fed. R. Civ. P. 4(m).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  February 3, 2014                                    BY THE COURT:

*(signature)*

Kristen L. Mix
United States Magistrate Judge