IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02072-RM-KLM

ARNOLD A. CARY,

    Plaintiff,

v.

DAVIS TESSIER, CTCF Health Services Administrator,
SUSAN M. TIONA, M.D., CTCF, Health Services Physician and Fremont County
Commissioner,
JOHN V. BUGLEWICZ, M.D., CTCF, Health Services Physician and Fremont County
Commissioner,
LINSEY FISH DEPENA, M.D., CTCF, former Health Services Physician,
RODNEY ACHEN, CTCF, Food Services Captain,
RONALD WILLIAMS, CTCF, Lieutenant,
CHRISTINA TURNER, CTCF Sergeant, and
ROBERT BURNS, CTCF, Correctional Officer,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Review Newly Discovered
Evidence** [#74] (the "Motion to Reconsider") and on Plaintiff's **Motion to Compel
Discovery** [#77] (the "Motion to Compel").   Plaintiff proceeds in this matter as an
incarcerated pro se individual.[1]   He seeks reconsideration of the Court's pending

---

    [1]  The Court is mindful that it must construe the filings of a pro se litigant liberally.  *See
Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.
1991).  However, the Court is not a pro se litigant's advocate, nor shall the Court "supply additional
factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his]
behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at
1110).  In addition, Plaintiff, as a pro se litigant, must follow the same procedural rules that govern
other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Recommendation [#63] regarding dismissal of Defendant Linsey Fish DePena, whom Plaintiff has been unable to locate for purposes of serving the Summons and Amended Complaint in this action.

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well-established in the Tenth Circuit that grounds for a motion to reconsider are limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

Plaintiff does not argue that there has been an intervening change in the controlling law or that there is a need to correct clear error and prevent manifest injustice. *See Motion to Reconsider* [#74]. Rather, he argues that the Court should consider new, previously-unavailable evidence. *See id.* The new evidence that Plaintiff submits is the Declaration [#75] of Nelson Merrill ("Merrill"), an inmate at Sterling Correctional Facility. Mr. Merrill states that he became ill and was moved to Denver Reception and Diagnostic Center ("DRDC") from mid-February to mid-April of 2014. He states that during that time he met with Dr. Linsey Fish DePena so she could review his condition, and she "attempted to take away some of [his] ADA medical status . . . ."

DRDC is a facility of the Colorado Department of Corrections ("CDOC"). The Court

has already asked the United States Marshal to serve Linsey Fish DePena twice as an employee of CDOC.  Both times, CDOC has responded that she is no longer a CDOC employee. [#27, #60].  The second time, CDOC provided a personal address for her [#61], filed under restriction, and the United States Marshal attempted to serve her at the personal address, again to no avail.  The United States Marshal has now made three failed attempts to serve this Defendant, including twice at the location where Plaintiff now states that she still works, based on the Declaration of Mr. Merrill.  As noted, a motion for reconsideration "is an extreme remedy to be granted in rare circumstances."  *Brumark Corp.*, 57 F.3d at 944.  As the Court has already twice requested the United States Marshal to serve Plaintiff at the location where he again seeks service,

IT IS HEREBY **ORDERED** that the Motion to Reconsider [#74] is **DENIED**.

IT IS FURTHER **ORDERED** that the Motion to Compel [#77], which seeks an order compelling CDOC to produce Defendant Linsey Fish DePena's personnel records, is **DENIED**.  CDOC is not a party to this litigation, and the Court lacks authority to compel non-parties to act.

Dated:  May 27, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge