**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-02072-RM-KJM

ARNOLD A. CARY,

      Plaintiff,

v.

DAVID TESSIER, CTCF, Health Services Administrator,
SUSAN M. TIONA, M.D., CTCF, Health Services Physician and Fremont County
Commissioner,
JOHN V. BUGLEWICZ, M.D., CTCF, Health Services Physician and Fremont County
Commissioner,
LINDSEY FISH DEPENA, M.D., CTCF, former Health Services Physician
RODNEY ACHEN, CTCF, Food Services Captain,
RONALD WILLIAMS, CTCF, Lieutenant,
CHRISTINA TURNER, CTCF, Sergeant, and
ROBERT BURNS, CTCF, Correctional Officer,

      Defendants.

---

**ORDER ADOPTING MAGISTRATE'S RECOMMENDATIONS AND OVERRULING
PLAINTIFF'S OBJECTIONS**

---

This matter is before the Court on United States Magistrate Judge Kristen L. Mix's

Recommendations ("the Recommendations") (ECF Nos. 63 and 64) that this Court dismiss

Plaintiff Arnold A. Cary's ("Plaintiff") claims against Defendants David Tessier, Susan M.

Tiona, M.D., John Buglewicz, M.D., Rodney Achen, Ronald Willams, Christina Turner, and

Robert Burns (ECF No. 64), and dismiss Lindsey Fish DePena from the suit without prejudice

for Plaintiff's failure to properly execute service of process on her pursuant to Federal Rule of

Civil Procedure 4(c).  (ECF No. 63).  For the reasons below, Plaintiff's Objections to both

Recommendations are OVERRULED, and the Recommendations are ADOPTED.[1]

## I.   LEGAL STANDARDS

### A.   Review of the Magistrate Judge's Report and Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule

of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of

the magistrate judge's [recommendation] that has been properly objected to."   In conducting its

review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive

further evidence; or return the matter to the magistrate judge with instructions."   Fed. R. Civ. P.

72(b)(3).   An objection is proper if it is filed timely in accordance with the Federal Rules of

Civil Procedure and specific enough to let the "district judge…focus attention on those issues—

factual and legal—that are at the heart of the parties' dispute."   *United States v. 2121 E. 30th St.*,

73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

### B.   Standards for Dismissal

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may

move to dismiss a claim for "failure to state a claim upon which relief can be granted."   Fed. R.

Civ. P. 12(b)(6).   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Iqbal*,

---

[1] In both objections (ECF No. 73 & ECF No. 80), Plaintiff has submitted what he characterizes as a motion for reconsideration. However, given the nature of his document and the type of review he seeks, the Court chooses interpret this motion as a plea for *de novo* review and considers his objections accordingly.

129 S. Ct. at 1949.  Courts treat a motion to dismiss based on Eleventh Amendment immunity as a motion to dismiss a complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  *Meyers v. Colo. Dep't of Human Servs.*, 62 F. App'x 831, 832 (10th Cir. 2003).  A Rule 12(b)(1) dismissal is not a judgment on the merits, but a determination that the Court lacks authority to adjudicate the matter.  *See Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994).

C.     *Pro Se* **Status**

Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).   The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

II.     **FACTS AND PROCEDURAL HISTORY**

The Court adopts and incorporates the factual and procedural history included within the Recommendations.  To the extent any additional facts are necessary for the Court to resolve this matter, those facts are below.

Plaintiff is a *pro se* prisoner incarcerated at the Sterling Correctional Facility.  (ECF No. 1).  During the period relevant to this lawsuit, he was resident at the Colorado Territorial Correctional Facility ("CTCF").   (ECF No. 1 at 2; ECF No. 21 at 8).  Individual Defendants are Colorado Department of Corrections ("CDOC") employees at CTCF.  (ECF No. 1 at 2–3).

Plaintiff filed this 42 U.S.C. § 1983 action on August 6, 2012, and filed a second amended complaint on January 23, 2013.  (ECF No. 1; ECF No. 21).  This amended complaint alleged multiple violations of the Eighth Amendment's cruel and unusual punishment clause based on his conditions of confinement, the alleged negative effects on his health, and

Defendants' responses to his medical needs.  (ECF No. 21 at 10–23).  On March 21, 2013, U.S. District Court Senior Judge Lewis Babcock dismissed eleven defendants including Colorado Governor John Hickenlooper and Tom Clements (Executive Director, CDOC) as Plaintiff failed to allege facts supporting an arguable claim against them for deprivation of his Eighth Amendment rights.  (ECF No. 22).  Governor Hickenlooper and Mr. Clements were the only Defendants capable of redressing the system-wide issues in the Colorado prison system that Plaintiff alleges.  All remaining Defendants are CTCF employees.  (ECF No. 21 at 1–2).

On May 31, 2013, Defendants submitted a Partial Motion to Dismiss Plaintiff's Second Amended Complaint.  (ECF No. 38).  They argued that the Eleventh Amendment bars suits against Defendants in their official capacities, that Defendants are entitled to qualified immunity regarding allegedly inadequate medical treatment and a supposed conspiracy to harass him, and that Plaintiffs declaratory and injunctive relief claims are moot since he is no longer housed at CTCF.  (ECF No. 38).  On February 2, 2014, Judge Mix recommended that the Court grant Defendants' Motion as to those defenses.  (ECF No. 64).  The Recommendation left unaffected, insofar as the above recommended dismissals are concerned, Plaintiff's compensatory damages claim against Mr. Achen for allegedly improper food sanitation at CTCF.  The motion also sought additional relief on Prison Litigation Reform Act grounds which would have covered the food sanitation claim.  However, Judge Mix denied the motion to the extent it sought relief on this latter ground.

In a separate document filed February 3, 2014, Judge Mix recommended *sua sponte* that Lindsey Fish DePena be dismissed from this lawsuit because she has not been properly served

with process.  (ECF No. 63).  Plaintiff objected to the Recommendations in both documents (ECF Nos. 73, 80), and the Court now considers his objections together.

## III.  ANALYSIS

This Court has reviewed the Recommendations, Plaintiff's objections and all relevant pleadings, and concludes that Magistrate Judge Mix's analysis of the issues on which objections were filed was thorough and her conclusions were correct.  The Court will now consider Plaintiff's objections to the Recommendations.

### A.  Plaintiff's objection to the Recommendation that Defendants are entitled to Eleventh Amendment Immunity for actions taken their official capacities

The Recommendation advised that Defendants are entitled to Eleventh Amendment immunity since, as prison officials, suits against them in their official capacities are treated as suits against the state.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  The Recommendation also counseled that *specific* written objections were due within fourteen days after being served with a copy of the Recommendation.  Plaintiff objected, late, but this Court discerns no comprehensible, specific objection to the Recommendation that Defendants are entitled to Eleventh Amendment immunity in their official capacities.  (*See* ECF 73 at 4–5).

What Plaintiff appears to be arguing is that the literal text of the Eleventh Amendment only prohibits suits against a state by citizens of another or a foreign state.  *Id.* at 4.  To the extent that this is Plaintiff's objection, he fails to recognize that the Supreme Court has interpreted the Eleventh Amendment to bar suit by a citizen against his own state, despite the Amendment's apparently clear language.  *Hans v. State of Louisiana*, 134 U.S. 1, 10–13 (1890).

The Court concludes that the Magistrate Judge's analysis was thorough and sound, and that there is no clear error of law or abuse of discretion.  *See* Fed. R. Civ. P. 72(b) advisory

committee's note ("When no timely objection is filed, the court need only satisfy itself that there

is no clear error on the face of the record in order to accept the recommendation."); *see also*

*Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the

district court may review a magistrate's report under any standard it deems appropriate.").

Moreover, even accepting Plaintiff's untimely objection, it is incorrect as a matter of law.

Therefore, the Court adopts the Recommendation.

**B.      Plaintiff's Objection to the Recommendation that his claims for declaratory and injunctive relief are moot**

The Magistrate Judge determined that Plaintiff's claims for declaratory and injunctive

relief are moot because he is no longer housed at CTCF.  (ECF No. 64 at 16–17).  Plaintiff

objects, late, arguing that just because he has been transferred, "state wide policies," as he calls

them, that violate his constitutional rights in one facility, "may still violate his rights in the new

facility."  (ECF No. 73 at 5).  He therefore argues that his claims are not moot, but the

Recommendation is correct.

To be sure, when a prisoner brings a lawsuit challenging statewide policy applied in a

generally uniform fashion throughout a prison system, courts have been disinclined to conclude

that the prisoner's declaratory or injunctive claims are moot, even after he has been transferred to

another prison in that system.  *Jordan v. Sosa*, 654 F.3d 1012, 1028 (2011) (citing *Abdulsaheeb

v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010)).  However, here, no "state wide" policy

exists.  Furthermore, when transferred prisoners sue for declaratory and injunctive relief

concerning allegedly system-wide prison issues, it is critical that the prisoner has sued

defendants actually situated to effectuate any prospective relief.  *Id.* at 1028–29.  For example,

Plaintiff might sue the Bureau of Prisons Director in his official capacity or the Bureau of Prisons itself. *Id.* at 1029.

Plaintiff is not currently suing any party situated to bring about prospective relief. All remaining parties work at CTCF—Plaintiff's former prison—and Governor Hickenlooper and Mr. Clements have already been dismissed. (ECF No. 22). *See Jordan*, 654 F.3d at 1028 (a transferred prisoner's challenge to system-wide prison policies is moot where he seeks equitable relief and *only* sues prison officials at the transferor institution—that is, the institution where he was *formerly* incarcerated). Thus, Plaintiff's objections to the Recommendation are overruled and his claims for declaratory and injunctive relief are moot.

### C.   Plaintiff's Objection to the Recommendation that Defendants are entitled to Qualified Immunity

Judge Mix recommended granting Defendants qualified immunity with respect to allegations that they provided Plaintiff inadequate medical treatment and conspired to harass him. (ECF No. 64 at 17–26). Plaintiff objects late to the Recommendation, setting forth only the most basic understanding of qualified immunity. Plaintiff's argument hinges on the idea that "state officials can be sued in their individual capacities," yet he does not coherently elaborate further. (ECF No. 73 at 7). Glaringly, he neglects to recognize that qualified immunity shields government officials performing discretionary functions from liability for damages "insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known." *Boles v. Neet*, 486 F.3d 1177, 1180 (10th Cir. 2007) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

The Recommendation correctly determined that "Plaintiff's factual allegations fail to demonstrate that Defendants violated a constitutional right," which entitles Defendants to

qualified immunity.  (ECF No. 64 at 18).  *See Saucier v. Katz*, 533 U.S. 194, 200–01 (2001).  In

terms of an Eighth Amendment claim predicated on medical care deficiency or denial, the

Recommendation grounded its conclusion on three bases—none of which drew objection from

Plaintiff.  First, the Recommendation concluded that the bulk of Plaintiff's medical treatment

claims amount to a difference of opinion as to the proper course of treatment.  Such allegations

do not rise to the level of an Eighth Amendment violation.  *Pearson v. Simmons*, No. 95-3006,

1998 WL 154552, at *2 (D. Kan. Mar 17, 1998).  Second, as to the short term delay or

deprivation of oxygen, the Recommendation found no allegation of substantial harm as required

for an Eighth Amendment violation.  *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005).  Third, as

to the medical claim against Defendant Tessier, a layman, there were no allegations that this

defendant was aware of the medical need for an MRI and, thus, no showing of awareness of

substantial risk of harm or reckless indifference to such risk.  *See Farmer v. Brennan*, 511 U.S.

825, 838–39 (1994).  Each of these deficiencies precludes the finding of an Eighth Amendment

violation.  And in the absence of a constitutional violation, Defendants are entitled to qualified

immunity.

      Plaintiff also objects that Judge Mix "chang[ed] his retaliation claim against Defendants

Williams, Turner, and Berns to a conspiracy to harass."  (ECF No. 73 at 8).  Judge Mix has not

mischaracterized his claim.  In his complaint, Plaintiff asserts that Defendants Williams, Turner,

and Burns "conspir[ed] to harass" him through intimidation.  (ECF No. 21 at 19).  In any event, a

retaliation claim still fails.  Inmates claiming retaliation "must prove that 'but for' the retaliatory

motive," retaliatory conduct directed at him or her would not have occurred. *Peterson v. Shanks*,

149 F.3d 1140, 1144 (1998).  Plaintiff must "allege specific facts showing retaliation because of

the exercise of the plaintiff's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1

(10th Cir. 1990). Here, Plaintiff does not allege specific facts illustrating but for causation

between his conduct and the alleged harms. Moreover, to the extent that Plaintiff's contention is

that he was retaliated against in connection with the Eighth Amendment violations against him,

his claim must fail as he failed to allege matters constituting an Eighth Amendment violation.

Accordingly, his objections to the Recommendation fail, and Defendants are entitled to qualified

immunity.

### D.  Plaintiff's objection to the Recommendation that Dr. Lindsey Fish DePena be dismissed from the present lawsuit

Judge Mix, *sua sponte*, recommended dismissing Defendant Lindsey Fish DePena, as she

is not currently a proper party to this suit pursuant to Federal Rule of Civil Procedure 4(c). (ECF

No. 63). Despite Plaintiff's late objection, Judge Mix correctly recommended the Defendant's

dismissal.

Plaintiff's case against the Defendant has been pending since August 6, 2012. Under

Federal Rule of Civil Procedure 4(m), Plaintiff had 120 days to serve Defendant DePena, but he

failed to provide the Marshal sufficient information to serve her within the 120 day timeframe.

Fed. R. Civ. P. 4(m). Determining that Plaintiff did not properly serve Defendant despite ample

time to do so, Judge Mix recommended dismissing Defendant from the suit under Rule 4(c).

Plaintiff objects to the recommendation, alleging that since a *pro se* plaintiff's pleading

standard is more liberal, the Court should have proactively searched through "extrinsic evidence"

to find declarations he produced "from Richard Steward and Nelson Merrill, and other materials

in support of the location of Defendant Lindsey Fish DePena, M.D." (ECF No. 80 at 2).

However, the Court need not require the U.S. Marshal or the Clerk of the Court to search for

defendants. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289 at *6 (D. Colo. May 9, 2008).  While Rule 4(c) requires that the Court effect service of the Summons and Complaint for incarcerated *pro se* plaintiffs, Plaintiff must provide the Court sufficient information to do so.  Fed. R. Civ. P. 4(c). *See Hill* at *6.  Plaintiff's *pro se* status does not entitle him to application of different rules of civil procedure. *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In his document objecting to DePena's dismissal, Plaintiff also requests "a limited evidentiary hearing or plenary trial to find the facts."  (ECF No. 80 at 3).  However, after reviewing the Motions, the Recommendation, Plaintiff's objection, the case file, and applicable case law, the Court finds that such a hearing would not materially assist in resolving the issue.

## IV.    CONCLUSION

Based on the foregoing, it is ORDERED that Plaintiff's objections are overruled and that the Recommendations (ECF No. 64) on Defendants' motion to dismiss (ECF No. 38) and dismissing Dr. DePena (ECF No. 63) are ADOPTED and made the Orders of this Court.

DATED this 16th day of October, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge