**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-02072-RM-KJM

ARNOLD A. CARY,

      Plaintiff,

v.

DAVID TESSIER, CTCF, Health Services Administrator,
SUSAN M. TIONA, M.D., CTCF, Health Services Physician and Fremont County Commissioner,
JOHN V. BUGLEWICZ, M.D., CTCF, Health Services Physician and Fremont County Commissioner,
LINDSEY FISH DEPENA, M.D., CTCF, former Health Services Physician
RODNEY ACHEN, CTCF, Food Services Captain,
RONALD WILLIAMS, CTCF, Lieutenant,
CHRISTINA TURNER, CTCF, Sergeant, and
ROBERT BURNS, CTCF, Correctional Officer,

      Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TITLED "OBJECTION TO DEFENDANT DISMISSAL/MOTION FOR DEFINITE STATEMENT"**

---

Plaintiff Arnold A. Cary, a Colorado state prisoner proceeding *pro se*, filed what he refers to as an "Objection to Defendant Dismissal/Motion for Definite Statement" (ECF No. 84) (hereinafter the "Objection") on October 29, 2014. Mr. Cary requests a "*de novo* review pursuant to Fed. R. Civ. P. 72(b) to understand the mechanic [sic]" of the Court's Order adopting the Magistrate Judge Mix's recommendations (ECF Nos. 63 & 64) and overruling Plaintiff's objections (ECF No. 81). Plaintiff also objects to what he calls "the vague and ambiguous orders which conflict with each other," and requests clarification of the Court's ruling, asking for a "more definite statement." (ECF No. 84). Finally, Plaintiff "objects to the dismissal of all

defendants"—inaccurately assessing the disposition in the prior Order—which he believes renders his action "void." (*Id.*).

The Court must construe Plaintiff's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). As such, the Court interprets his request for this Court to conduct a "*de novo* review" of its own ruling as a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) (hereinafter "the Motion"). Plaintiff also requests a "more definite statement" of its ruling in the Order— ostensibly pursuant to Fed. R. Civ. P. 12(e), given the language he used. However, Rule 12(e) is directed only at parties; litigants cannot use the rule to ask the Court to clarify its own order. What it seems Plaintiff truly seeks in his request for a "more definite statement" is a re-explanation of the Court's previous Order's implications for him. To the extent that clarifying the Court's Order will benefit Plaintiff, the Court will clarify it. However, this Court denies the reconsideration Plaintiff requests in his filing for the reasons below. The Court will first address his Motion for Reconsideration, and then turn to his request for clarification.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Cary filed his present motion within twenty-eight days after the Order was entered in the instant action. The Court, therefore, finds that the Motion for Reconsideration is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e). The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need

to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon review of the Motion and the entire file, the Court concludes that no grounds justifying reconsideration exist in Mr. Cary's case. This Court denies his Motion for Reconsideration.

Calling the Court's Order "vague and ambiguous," Plaintiff also asks for clarification. He appears confused about the interrelationship between a magistrate judge's recommendation and a district court judge's subsequent order on a recommendation. (ECF No. 84). In the Court's Order (ECF No. 81), Plaintiff was advised of the mechanics of a district court's review of a magistrate judge's recommendation. (*Id.* at 2). To restate, when a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In the Court's "Order Adopting Magistrate's Recommendations and Overruling Plaintiff's Objections (ECF No. 81)," the Court accepted Magistrate Judge Mix's recommended disposition (ECF No. 63) in its entirety, pursuant to Fed. R. Civ. P. 72(b)(3). Magistrate Judge Mix's findings were: 1) that Lindsey Fish DePena is dismissed from this case; 2) Plaintiff's second claim (described in detail in ECF No. 64 2–6) is dismissed; 3) Plaintiff's third claim (described in detail in ECF No. 64 7–8) is dismissed, except for the claim Plaintiff brings against Defendant Achen regarding food sanitation. The foregoing recommendations were adopted and made orders of this Court.

Plaintiff is apparently under the impression that *all* defendants were dismissed in the Court's order adopting the Magistrate Judge's recommendations, rendering his action void. (*See* ECF No. 84). This is untrue. As stated above, this Court has not dismissed Plaintiff's claim against Defendant Achen regarding food sanitation. Plaintiff may still pursue this portion of his claim.

Based on the foregoing, it is ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 84) is DENIED.

DATED this 15th day of January, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge