IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02072-RM-KLM

ARNOLD A. CARY,

    Plaintiff,

v.

RODNEY ACHEN, CTCF, Food Services Captain,

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Summary Judgment** [#90][1] (the "Motion"). Plaintiff, who proceeds in this matter as a pro se litigant,[2] filed a Response [#108] in opposition to the Motion [#90]. Defendant did not file a Reply. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion has been referred to the undersigned for a recommendation regarding disposition [#91]. The Court has reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully

---

[1] "[#90]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). This convention is used throughout the Recommendation.

[2] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

**RECOMMENDS** that the Motion [#90] be **GRANTED**.

## I. Background

Plaintiff is presently incarcerated by the Colorado Department of Corrections ("CDOC") at Sterling Correctional Facility in Sterling, Colorado, but he was incarcerated at Colorado Territorial Correctional Facility ("CTCF") at all times relevant to this litigation. *See Am. Compl.* [#21] at 2. One Defendant remains in this action: Rodney Achen, as Captain of Food Services of CTCF. *See Recommendation* [#64] at 28; *Order* [#81] at 10.

The only remaining cause of action is Plaintiff's claim that Defendant violated his Eighth Amendment rights concerning food sanitation issues while Plaintiff was incarcerated at CTCF. *See id.* In light of the Court discussion below, the precise details of the circumstances underlying Plaintiff's claim are immaterial for resolution of this Motion. However, generally, Plaintiff alleges in the Second Amended Complaint that he was subjected to unsafe conditions of confinement because he was exposed to unsanitary conditions consisting of substandard food services, substandard kitchen facilities, and the presence of vermin in CTCF's kitchen and dining halls. [#21] at 2-23.

In the pending Motion, Defendant argues that Plaintiff's Eighth Amendment claim must be dismissed under the Prison Litigation Reform Act ("PLRA") for failure to exhaust administrative remedies. *Motion* [#90] at 14-18. Because the undisputed evidence demonstrates that Plaintiff failed to exhaust his administrative remedies, the Court need not address Defendant's alternative arguments.

## II. Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to

assess whether trial is necessary.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Under Fed. R. Civ. P. 56(c), summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law.  *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323).  When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."  *Id.* at 671.  If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor.  *See Anderson*, 477 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are

not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed.1998).

In addition, the Court "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). To this end, the Court notes the well-established law that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215 (1976). Accordingly, courts should interfere with the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman*, 34 F.3d at 266, 268-70 (4th Cir. 1994). Indeed, the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems. It is a delicate role assigned to the federal courts to display that restraint so necessary 'in the maintenance of proper federal-state relations.'" *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977) (citation omitted). As such, "sweeping intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts." *Taylor*, 34 F.3d at 269 (citations omitted).

### III.  Analysis

The Court is required to first address the argument concerning exhaustion of administrative remedies. *See Norton v. The City of Marietta, OK*, 432 F.3d 1145, 1149-50 (10th Cir. 2005) (stating that exhaustion is mandatory and that the issue of administrative exhaustion under the PLRA must be considered before examining the merits of the plaintiff's claims). The PLRA requires that a claim regarding prison conditions must first be exhausted before a prisoner may challenge those conditions by filing suit. *Porter v. Nussle*, 534 U.S. 516, 520 (2002) ("1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences."). Specifically, the exhaustion provision states:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."). However, the burden is on Defendant to assert the failure to exhaust in a dispositive motion. Here, Defendant's failure-to-exhaust defense is analyzed pursuant to Fed. R. Civ. P. 56. As such, if the evidence presented does not create a genuine issue of material fact as to whether Plaintiff's Eighth Amendment claim against Defendant was properly exhausted, the claim must be dismissed without prejudice. *Arocho v. Lappin*, No. 07-cv-02603-REB-KLM, 2011 WL 2292187, at *8 (D. Colo. Apr. 21, 2011) (citing *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007)

(noting that dismissal of unexhausted claims on summary judgment should be without prejudice)); *cf. Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006) (recognizing that dismissal of untimely grievance should be with prejudice), *overruled in part on other grounds as recognized in Robbins v. Oklahoma*, 519 F.3d 1242, 1246-47 (10th Cir. 2008)).

The prison facility is tasked with the responsibility of establishing grievance procedures. *Jones*, 549 U.S. at 218 ("[I]t is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion."). The undisputed evidence in this case describes the grievance process as follows. CDOC addresses inmates' grievances with a four-step process, beginning with "an initial informal opportunity to engage in constructive dialog." *Aff. of DeCesaro* [#90-4] ¶ 4. If the grievance is unresolved by informal procedures, the inmate must engage in the formalized three-step grievance process delineated in Administrative Regulation ("AR") 850-04. *Id.* ¶ 5. First, an inmate must file a Step 1 grievance within thirty days of the discovery of the issue or complaint, to which an appropriate staff person for CDOC responds in writing. *Id.* ¶ 6. If the inmate is dissatisfied with the response, he must file a Step 2 grievance within five days of receipt of the written response to the Step 1 grievance. *Id.* ¶ 7. If the inmate is still dissatisfied with the response to his Step 2 grievance, he must then file a Step 3 grievance within five days of receipt of the written response to the Step 2 grievance. *Id.* ¶ 8. The Step 3 grievance is the final step in the process. *Id.* ¶ 9. An inmate fails to exhaust his administrative remedies if he fails to timely file any grievance within the periods provided by the grievance process or if he otherwise fails to follow the process detailed by AR 850-04. *Id.* ¶¶ 9-10.

On March 20, 2012, Plaintiff filed a Step 1 grievance which complained of "contaminated drinking water, inadequate toilet facilities, contaminated air, and mice

droppings in stored food products." [#90-4] at 29. This grievance was denied, and the response explained that each grievance could only address one problem or complaint. *Id.* Plaintiff was therefore directed to address the mice droppings issue either by filing a Step 1 grievance with Food Services or by informally discussing his problem with someone from that division. *Id.* On April 13, 2012, Plaintiff filed a Step 2 grievance which only addressed a variety of water issues and did not mention the alleged food contamination issue. *Id.* at 28. After denial of that grievance, Plaintiff filed a Step 3 grievance, which again addressed only various water issues at CTCF and did not mention food contamination.[3] *Id.* at 27. CDOC does not have record of any other potentially relevant Step 3 grievances filed by Plaintiff in connection with any food sanitation issue. [#90-4] at 19.

In his Response [#108], Plaintiff does not provide proof that he completed the grievance process. Rather, he argues that his claim should not be denied simply because he did not comply with all of the technicalities of the grievance process. *Response* [#108] at 3-4. This argument is unavailing, however. *See Grimsley v. Rodrequez*, 113 F.3d 1246 (Table), at *1 (10th Cir. May 8, 1997) ("The requirement for exhaustion [under the PLRA] is not just a technicality."). "[O]nce exhaustion is raised as an affirmative defense, the inmate [is] required to present evidence showing that all available administrative grievance remedies were fully exhausted. This can be accomplished either by showing compliance with all the necessary grievance procedures, or by showing that efforts at exhaustion were thwarted by prison officials, effectively making them unavailable." *Hall v. Burnham*, No. 2:12-CV-794 TS, 2014 WL 495164, at *3 (D. Utah Feb. 6, 2014). Plaintiff does not argue

---

[3] The Court notes that Plaintiff's claim regarding water sanitation was previously dismissed from this lawsuit. *See Recommendation* [#64] at 26-27; *Order* [#81] at 10.

or present evidence that he completed the grievance process or that he was prevented by Defendant or other prison officials from completing the grievance process. *See Response* [#108] at 3-4.

Thus, there is no genuine issue of material fact regarding whether Plaintiff followed the process established pursuant to AR 850-04 with respect to the food sanitation issues underlying his remaining Eighth Amendment claim, and the Court therefore finds as a matter of law that he did not exhaust his administrative remedies. Accordingly, the Court **recommends** that Plaintiff's Eighth Amendment claim against Defendant be **dismissed without prejudice** for failure to exhaust administrative remedies. *Arocho*, 2011 WL 2292187, at *8 (stating that unexhausted claims should be dismissed without prejudice at summary judgment).

### IV. Conclusion

Based on the foregoing,

IT IS RESPECTFULLY **RECOMMENDED** that the Motion [#90] be **GRANTED** and that Plaintiff's Eighth Amendment claim against Defendant be **DISMISSED without prejudice** for failure to exhaust administrative remedies. *See Arocho*, 2011 WL 2292187, at *8.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*,

474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated October 29, 2015, at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge